RECEIVED
FEB 2 4 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

IN THE MATTER OF THE APPLICATION | SUNDRY NO. 06-00038
OF THE UNITED STATES OF
AMERICA FOR AN ORDER: (1) AUTHORIZING
THE INSTALLATION AND USE OF A
PEN REGISTER AND A TRAP AND TRACE
DEVICE; AND (2) AUTHORIZING THE RELEASE
OF SUBSCRIBER INFORMATION AND/OR
CELL SITE INFORMATION

## MEMORANDUM RULING

Before the court is an *ex parte* application for an order authorizing the installation and use of a pen register and trap and trace device on an assigned cellular telephone number issued by Centennial Wireless. By this application, and pursuant to 18 U.S.C. §§ 3122 and 3123, 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2), and 2703(d), and 18 U.S.C. §§ 3122, 3123, the government seeks not only the installation of a pen register and trap and trace device, but also subscriber information on the telephone number and the disclosure of the location of cell site/sector (physical address) at call origination (for outbound calling), call termination (for incoming calls), and if reasonably available, during the progress of the call.

The application for the pen register/trap and trace device is made on the certification by the Assistant United States Attorney that the information likely to be obtained is relevant to an ongoing criminal investigation of violations of federal criminal law. *See* 18 U.S.C. § 3122. The application for subscriber records and cell site information is made on the application of the Assistant United States Attorney and certain specific articulable facts set out in the application showing reasonable grounds to believe that the information sought will be relevant and material

to an ongoing criminal investigation. For the disclosure of subscriber information to government agents, the government relies on the provisions of 18 U.S.C. §§ 2703(c)(1)(B), 2703(c)(2) and 2703(d). For the disclosure to government agents of cell site location information, if reasonably available during the progress of a call, the government relies on the provisions of 18 U.S.C. §§ 3122, 3123, 2703(c)(1)(B) and 2703(d).

This is the second similar application that the government has filed. The original application, Sundry No. 06-00025, was withdrawn by the government after conversations between government counsel and the Court in which the undersigned informed government counsel that in view of the United States Supreme Court decision in *Carlisle v. United States*, 116 S.Ct. 1460 (1996), the government's reliance on the All Writs Act was likely misplaced. Since the government subsequently withdrew that application, apparently counsel for the government agreed. Thereafter, the application currently before the Court was filed.

The government provided the Court with a copy of a letter dated January 9, 2006, addressed to Judge Hornsby setting out the government's argument on why the cited statutes allowed the government to obtain the information sought. This was provided to Judge Hornsby in support of a similar application then pending before him. This Court has carefully considered the arguments set out therein. This Court also sought an *amicus* brief from the Federal Public Defender, which was also provided to the Court in letter form. This letter has also been carefully considered by the court.[1] Finally, the Court has carefully considered the opinion of Judge Hornsby in which he granted, in part, the government's application.

---

[1] Of course, the Federal Public Defender was not provided with a copy of the government's application, nor was a copy of the letter addressed to Judge Hornsby provided to the Federal Public Defender. The government did not receive a copy of the letter of the Federal Public Defender.

For the following reasons, the government's application is **granted in part and denied in part.**

The truly problematic part of the government's application is the attempt to obtain real time cell location data on a showing of less than probable cause. The court is well aware that other courts around the country have been grappling with applications like that presented here for some time. The statutory language, Congressional history and the testimony of former FBI Director Freeh leads this Court to the conclusion that the confluence of the statutes relied upon by the government simply does not confer on this Court the power to grant the government's request.

The Court will not go through a detailed analysis of the statutory provisions here. Rather, that detailed analysis can be found in the following cases, all of which have been carefully considered by this Court. For cases rejecting the government's request for prospective or real time cell cite data, see: *In the Matter of the Application of the United States of America for an Order Authorizing the Installation and Use of a Pen Register and/or Trap and Trace for Mobile Identification Number (585) 111-111 and the Disclosure of Subscriber and Activity Information under 18 U.S.C.§ 2703*, 2006 WL 354289 (W.D.N.Y. Feb.15, 2006); *In re Application for Pen Register and Trap/Trace Device with Cell Site Location Authority*, 396 F.Supp.2d 747 (S.D. Tex. 2005); *In the Matter of an Application of the United States for an Order (1) Authorizing the Use of a Pen Register and a Trap and Trace Device and (2)Authorizing Release of Subscriber Information and/or Cell Site Information*, 396 F.Supp.2d 294 (E.D.N.Y. 2005); *In re Application of the United States for an Order Authorizing the Installation and Use of a Pen Register and a Caller Identification System on Telephone Numbers (Sealed) and the Production of Real Time*

*Cell Site Information*, 2005 WL 3160860 (D. Md. Nov. 29, 2005); *In re Matter of the Application of the United States of America for an Order Authorizing the Release of Prospective Cell Site Information*, 2006 WL 41229 (D.D.C. Jan. 6, 2006) and *In the Matter of the Application of the United States of America for an Order Authorizing the Disclosure of Prospective Cell Site Information*, 2006 WL 243017 (E.D. Wisc. Jan. 17, 2006). For cases holding that the government can appropriately obtain the disclosure of prospective cell site data, see: *In re Application of the United States of America for an Order for Disclosure of Telecommunications Records and Authorizing the Use of a Pen Register and Trap and Trace*, 2005 WL 3471754 (S.D.N.Y. Dec. 20, 2005) and *In the Matter of the Application of the United States for an Order Authorizing the Installation and Use of a Pen Register and Trap and Trace Device and Authorizing Release of Subscriber Information and/or Cell Site Information*, 2006 WL 244270 (W.D. La. Jan. 26, 2006).[2]

After carefully considering the statutory language and the reasoning of those cases cited above, I concur with the reasoning of Judge Feldman in the Western District of New York case cited above. Specifically, I agree that cell site location data is "signaling information" as that term is used in the language added to the Pen Register statute by the Patriot Act; that disclosure to the government of cell site location data which is **captured** by a pen register device based on a proper certification (which is present here) is permissible; and that the government may obtain **historical** cell site data, including location information, pursuant to § 2703(d). However, I also agree with Judge Feldman that the court cannot extrapolate from the sources relied upon by the government the authority of the government to obtain real time cell location data on anything less

---

[2]Judge Hornsby's Opinion.

than a showing of probable cause.

The government argues here that these statutes, which contain limitations on the government's authority to obtain information, somehow when working together, give the government authority which no statute grants independently, and some statutes restrict.[3] That argument is simply unpersuasive and is inconsistent with traditional rules of statutory construction. In the view of this Court, the issue is not whether the Fourth Amendment allows the seizure of such information, but, rather, whether there is statutory authority which allows the disclosure of this information to the government on the showing made by the government in this application. The view of this Court is that the statutory authority allowing such disclosure on the showing made by the government in this application does not exist.

Accordingly, the application of the government is **granted in part and denied in part**. The Court will sign an order presented by the government authorizing disclosures by the provider to the government in conformity with this opinion. On a proper application by the government which comports with the requirements of Rule 41, FRCrP, the court will also issue a warrant for the seizure of the requested real time cell location information on a showing that probable cause exists to believe that the data sought will yield evidence of a crime.[4] [5]

---

[3] *See* 47 U.S.C. § 1001, *et seq.*, the Communications Assistance for Law Enforcement Act.

[4] The court is aware that there is an argument that such information is outside the scope of a search warrant issued on probable cause. This court disagrees.

[5] The court is aware that certain cell phones contain GPS devices which allow tracking of a cell phone's location. The government did not request such authority here and the court does not understand that the government is requesting such authority, since counsel for the government is perfectly capable of setting out the specifics of any such request. In any event, nothing in this opinion is meant to address the authority of the government to access GPS cell phone information with or without a warrant.

Lafayette, Louisiana, February 23, 2006.

                                                                     *C. Michael Hill*
                                                                C. MICHAEL HILL
                                                                MAGISTRATE JUDGE

COPY SENT:
DATE: 2-24-06
BY: gbu
TO: McManus (cont'd)